HOME LIFE & ACCIDENT COMPANY *v.* COMPTON.

Opinion delivered June 21, 1920.

INSURANCE—DELIVERY OF POLICY.—Under a clause in a policy of life insurance providing that the policy should not take effect until the policy should have been actually delivered to the insured, a delivery to insured's wife according to his directions was a delivery to him; the test of delivery being whether it passed intentionally out of the control or dominion of the insurer or its agents into the control or dominion of the insured.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*T. D. Wynne,* for appellant.

The policy was never delivered to the insured while he was living, and the court erred in refusing to direct a verdict.

*S. M. Bone,* for appellee.

The delivery of the policy by Carter to the wife of the insured was a delivery of the policy, and the judgment is right. 52 S. W. 959; 85 Ark. 169. The manual possession of a policy of life insurance by the insured or some one for him makes a *prima facie* case. 66 Ark. 612; 87 *Id.* 70. The cases cited by appellant are not in point. The policy was delivered to insured's wife as he was directed to do. The insured was in good health when the policy was so delivered. Every condition has been met so as to establish liability on the contract of insurance.

HUMPHREYS, J. Appellee instituted suit against appellant in the Independence Circuit Court to recover $2,000, as beneficiary of a policy of life insurance issued

by appellant on the life of her husband, Thos. S. Compton, Jr.

Appellee filed answer, pleading nonliability on the alleged ground that the policy was not delivered to the insured during his lifetime and while in good health, and, for that reason, under the terms of the policy, was an incomplete contract.

The cause was heard upon the pleadings and evidence, at the conclusion of which each party requested a peremptory instruction in his favor. The court refused the request of appellant and granted the request of appellee. In response to the peremptory instruction in favor of appellee, the jury returned a verdict against appellant in the sum of $2,000. The court thereupon assessed a penalty of twelve per cent. on the face of the judgment, $250 attorney's fee, and rendered judgment against appellant for $2,490, from which judgment, an appeal has been duly prosecuted to this court.

The facts necessary to a determination of the only question presented by this appeal are as follows: In the month of August, 1918, Thos. S. Compton, Jr., the then husband of appellee, applied for two life insurance policies of $2,500 each, in appellant's life insurance company. On account of having entered the military service during the war between the United States and Germany, appellant company issued a policy for only $2,000 and mailed same, on the 4th day of October, 1918, to its agent, R. M. Carter, at Batesville, Arkansas, for delivery and collection of the first premium. The policy contained the following clause: "This policy shall not take effect until the first premium shall have been actually paid and the policy actually delivered to the insured during his lifetime and good health of the insured." In the interim between the application and the issuance of the policy the insured, Thos. S. Compton, Jr., directed the agent to deliver the policy, when it came, to his wife, the beneficiary therein, for him. When the policy arrived, the insured was at Camp Mayberry, Austin, Texas. The

policy was received by the agent on the 5th day of October, 1918, and, on the same day, delivered by him to Susie Compton, wife of the said Thos. S. Compton, Jr. At the time the agent delivered the policy, he collected the first year's premium and accounted to appellant company for the amount due it. The insured, Thos. S. Compton, Jr., was in good health at the time the policy was delivered, but on the 13th of the month, died of influenza at said camp. His body was shipped back to Batesville and interred. Proof of his death was made to appellant company in accordance with the requirement of the policy and payment was refused on the ground that the policy was not delivered in person to the insured in his lifetime.

Appellant contends that the contract was incomplete and not binding on it, because the policy was not actually delivered to the insured. In other words, the contention is made that the delivery of the policy to the wife of Thos. S. Compton, Jr., in keeping with his instruction so to do, was not a delivery to him within the meaning of the delivery clause in the policy. The test of an actual delivery of an insurance policy by the insurer, or its agent, to the insured is not whether it was deposited with the insured, but whether it passed intentionally out of the control or dominion of the insurer, or its agents, into the control or dominion of the insured. It is not an essential to actual delivery that there be a manual delivery to the insured. A delivery to a third person, designated by the insured, is, to all intents and purposes, a delivery to the insured. 14 R. C. L. 898; *National Life Assn.* v. *Spear,* 111 Ark. 173; *Mo. State Life Ins. Co.* v. *Burton,* 129 Ark. 137. In the two Arkansas cases, *supra,* the court held, under the facts of each, there had been no delivery of the policies. In those cases, the companies and their agents had not parted with the control or dominion over the policies; but the doctrine was clearly announced in the case of *National Life Assn.* v. *Spear,* and clearly inferable in *Mo. State Life Ins. Co.* v.

*Burton,* that if an insurance company had intentionally parted with the control of and dominion over the policies, such act would amount to a delivery of the policies within the meaning of clauses similar to the delivery clause in the policy involved in the instant case.

No error appearing, the judgment is affirmed.